UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X

SECURITIES AND EXCHANGE
COMMISSION,

                           Petitioner,

        -v-

ANASTASIOS P. "TOMMY" BELESIS,

                        Respondent.

------------------------------------------------------------ X

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #: _____
> DATE FILED: May 23, 2018

17-mc-508 (KBF)

<u>MEMORANDUM
DECISION & ORDER</u>

KATHERINE B. FORREST, District Judge:

      In August 2017, petitioner Securities and Exchange Commission ("SEC") and respondent Anastasios Belesis reached a settlement agreement whereby Belesis would pay disgorgement, prejudgment interest, and a penalty to the SEC, after the SEC found that Belesis had willfully violated the federal securities laws. When Belesis failed to make any payments, the SEC brought a civil action seeking a judgment from this Court to enforce its order. The Court granted its motion and entered a final judgment. In the months that followed, Belesis sought extension after extension, continuously promising that a bridge-loan was right around the corner, or, proverbially speaking, that "the check was in the mail."

      The check has never arrived. And, in the meantime, Belesis has continued to spend significant sums of money on his personal expenses. The SEC now moves for an order of civil contempt. For the reasons set forth below, the Court GRANTS the motion.

I.   BACKGROUND

   A.  Belesis's Failure to Pay

In 2017, Belesis entered into a settlement with the SEC for his failure to disclose material conflicts of interest involving products he sold to his brokerage customers in violation of the antifraud provisions of the federal securities laws. According to the agreement, Belesis was to pay disgorgement, prejudgment interest, and a civil penalty by August 11, 2017.

Belesis failed to pay anything by that date; on December 20, 2017, the SEC brought this action to enforce compliance with its Order.  (ECF No. 1.)  On January 25, 2018, this Court issued a Final Judgment directing Belesis to pay $944,952.70: $508,288.09 in disgorgement, prejudgment interest, and post-order interest, pursuant to 17 C.F.R. § 201.600 and $436,664. 61 in combined civil money penalties and post-order interest pursuant to 31 U.S.C. § 6717.  (ECF No. 15.)  Payment was due by February 8, 2018.  (Id.)

On the date the payment was due, Belesis requested an extension until February 28, 2018, over the SEC's objection.  (ECF Nos. 16, 17.)  Belesis represented that such an extension was necessary because he was "presently in loan negotiations with a private lender" and asked "only for this brief additional time to allow him to conclude this loan transaction."  (ECF No. 19.)  The Court granted the extension.  (ECF No. 20.)

On the new payment due date, Belesis again requested an extension—this time for an additional month, or until March 31, 2018.  (ECF No. 21.)  The Court

required evidence of a firm loan commitment and closing schedule and date.  In response, Belesis submitted a letter representing that "the contemplated loan is anticipated to close on or about March 31, 2018" and attached a letter from Blackstone Capital Advisors as evidence.  (ECF No. 23.)  The Court granted the extension, but denied an accompanying request to adjourn Belesis's deposition.  (ECF No. 24.)[1]

On April 2, 2018, the SEC contacted Belesis to inquire as to the status of the loan; Belesis's counsel responded via email that "he expects to have the funds due him sufficient to satisfy the SEC judgment or the load proceed available on or before April 23."  (ECF No. 28-3, Goody Decl.)  On April 5, 2018, Belesis provided the SEC with a second letter from Blackstone Capital, this time anticipating that the loan would close "on or about April 26, 2018."  (Id.)

On April 18, 2018, sixty-nine days after Belesis's payment had originally been due (and eight months after it was originally due to the SEC), the SEC filed this motion for an Order to Show Cause why respondent should not be held in civil contempt.  (ECF No. 28.)

In Belesis's declaration in opposition, filed on May 11, 2018, he represented that he was going to be paid for efforts in bringing about a real estate development in St. Kitt's, and that "payment for [his] efforts as an advisor on this project has

---

[1] Despite this, Belesis made a motion the day of his scheduled deposition to adjourn the deposition, one hour before it was meant to begin, because of a "severe sinus infection."  The Court denied the motion.  (ECF Nos. 26, 27.)

now been confirmed and should be made within the next ten days." (ECF No. 34 ¶ 3.)

As of the date of this Opinion & Order (twelve days after such declaration) the Court is not aware of any payment being made.

B. Belesis's Assets

In the past eighteen months, Belesis has received rolling disbursements from a $3 million loan made by an individual named Kraig Higgensen. (Goody Decl. Ex. 3 at 21:7-22.) He has used the majority of the money to repay other judgments. During the same period, Belesis's monthly family expenses were approximately $30,000 per month. (Id. at 21:7-15.) Belesis's wife has several private accounts and credit cards, funded by Belesis, but not initially disclosed to the SEC. (Id. at 39:4-12; 54:4-6; 55:1-56:12; 57:6-58:1.) Belesis resides in an $8 million apartment for which, though the apartment is technically owned by an LLC in his wife's name, he pays real estate taxes and for which he is personally liable for the mortgage. (Id. Ex. 4 ¶ 4; Ex. 3 at 28:4-29:16; 47:9-24; 49:8-24; Ex. 6 at 14.) In September 2017, he wired $38,000 offshore to the Fairmont Hotel in Dubai, allegedly for a "resort development project in the Caribbean." (Id. Ex. 2; Ex. 3 at 12.)

II. LEGAL PRINCIPLES

A court possesses the inherent power to punish for contempt of its orders. Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991). The purpose of the contempt power is "to enforce compliance with an order of the court or to compensate for losses or damages." Powell v. Ward, 643 F.2d 924, 931 (2d Cir. 1981). The contempt

power "reaches both conduct before the court and that beyond the court's confines, for the underlying concern that gave rise to the contempt power was not merely the disruption of court proceedings[; r]ather, it was disobedience to the orders of the Judiciary, regardless of whether such disobedience interfered with the conduct of trial."  Chambers, 501 U.S. at 44 (quotation marks and alterations omitted).

Because of the potency of the Court's inherent powers, the court must exercise such powers with "restraint and discretion."  Id.; see DLC Mgmt. Corp. v. Town of Hyde Park, 163 F.3d 124, 136 (2d Cir. 1998) (stating that the Second Circuit has "required a finding of bad faith for the imposition of sanctions under the inherent power doctrine").  "A party may be held in civil contempt for failure to comply with a court order if '(1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner.' " Paramedics Electromedicina Comercial, Ltda v. GE Med. Sys. Info. Techs., Inc., 369 F.3d 645, 655 (2d Cir. 2004) (quoting King v. Allied Vision, Ltd., 65 F.3d 1051, 1058 (2d Cir. 1995)). "It need not be established that the violation was willful."  Id.

Once the moving party has made a prima facie showing of contempt, the burden shifts to the contemnor "to establish his inability to comply clearly, plainly and unmistakably."  SEC v. Bilzerian, 112 F. Supp. 2d 12, 16 (D.D.C. 2000); see also SEC v. Musella, 818 F. Supp. 600, 602 (S.D.N.Y. 1993) (holding contemnor has "burden of coming forward with evidence showing financial inability to comply") (citing United States v. Rylander, 460 U.S. 752, 757 (1983)).  In order to meet his

burden, a contemnor must show that he has a "complete inability, due to poverty or insolvency," to comply with any order to pay court-imposed monetary sanctions. SEC v. Aragon Capital Advisors, LLC, 2011 WL 3278907, at *5 (S.D.N.Y. July 26, 2011) (citing Huber v. Marine Midland Bank, 51 F.3d 5, 10 (2d Cir. 1995)). A contemnor "must pay what he is capable of paying, even if making the payment results in a diminution of income or his relatively comfortable standard of living." Musella, 818 F. Supp. at 602.

III.   DISCUSSION

The SEC moves to hold Belesis in civil contempt for failure to pay the disgorgement obligation of the Court's Final Judgment dated January 25, 2018.

In order to find Belesis in civil contempt, the Court must find (1) that the January 25 Order is clear and unambiguous; (2) that Belesis did not comply with that Order under a clear and convincing standard; and (3) that Belesis did not diligently attempt to comply with the January 25, 2018 Order in a reasonable manner. King, 65 F.3d at 1058.

Belesis disputes neither that the Order is clear and unambiguous nor that he did not comply with it. His sole argument is that he has diligently attempted to comply. The Court disagrees.

As an initial matter, Belesis's multiple promises that payment is forthcoming have led to precisely nothing.

Furthermore, between November 2018 and March 2018, Belesis has spent at least $368,000. In that same time frame, he has not taken a bridge loan or a

mortgage, nor has he compelled the sale of his family's residence.  He has received $3 million in the past 18 months, none of which was initially disclosed to the SEC. He has transferred $38,000 offshore for a resort development/financing project.  He has continued to pay $30,000 a month in family expenses; his wife has not earned any income during this same period.  He has not disclosed the information as to his wife's separate accounts, despite the fact that he is her source of income.

Belesis shows the burden to show that he is unable to comply with the Final Judgment.  Musella, 818 F. Supp. at 602.  He has done nothing to meet this burden, save to argue that "in a good faith effort to comply" with the Judgment, he has "caused his wife to put [his residence] on the market for sale."  (ECF No. 35 at 9.) With massive expenditures each month, offshore transfers, and incoming funds from a private loan, this is utterly inadequate to show the kind of absolute inability to pay that the law requires.

Belesis has not diligently attempted to comply; he has sent not one cent to satisfy the Judgment in the four months it has been due.  Thus, the Court GRANTS the SEC's motion for civil contempt.

The Court must now fashion an appropriate remedy.  It asks the petitioner to submit its proposed sanctions **not later than Friday, June 1, 2018;** respondent

may provide any counter-argument to such proposal **not later than Thursday, June 7, 2018**.

IV.     CONCLUSION

For the reasons set forth above, the Court GRANTS the petitioner's motion and finds respondent Belesis in civil contempt.

SO ORDERED.

Dated:          New York, New York
                May 23, 2018

_____
          KATHERINE B. FORREST
          United States District Judge

8