UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
:
SECURITIES AND EXCHANGE :
COMMISSION, :
:
:
Petitioner, :
:
-v- :
:
ANASTASIOS P. "TOMMY" BELESIS, :
:
Respondent. :
:
------------------------------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: June 13, 2018

17-mc-508 (KBF)

MEMORANDUM
DECISION & ORDER

KATHERINE B. FORREST, District Judge:

On May 23, 2018, this Court found Anastasios Belesis ("Respondent") in civil contempt of its January 25, 2018 Order and Final Judgment directing Belesis to pay $944,952.70: $508,288.09 in disgorgement, prejudgment interest, and post-order interest, pursuant to 17 C.F.R. § 201.600, and $436,664.61 in combined civil money penalties and post-order interest, pursuant to 31 U.S.C. § 6717. (ECF Nos. 14, 15, 39.)  More specifically, the Court found in its May 23 Memorandum Decision and Order that: 1) its January Order was clear and ambiguous; 2) proof of noncompliance was clear and convincing; and 3) Belesis had not attempted to comply in a reasonable manner.  (ECF No. 39.)

The Court subsequently asked the parties to propose appropriate sanctions. Petitioner proposed that the Court order Belesis to pay his disgorgement debt (the disgorgement, prejudgment interest and accrued post-judgment interest) within thirty days, or be incarcerated until he purges himself of contempt by payment of

the disgorgement debt in full.  Respondent asked the Court to reject the demand for incarceration, arguing that it would serve no remedial purpose, and that he was "doing everything in his power to satisfy this Judgment."[1]

18 U.S.C. § 401 states that the Court has the power "to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority." Furthermore, "it is a widely-held and long standing principle that detention as a means of coercing compliance with the courts order [is] an option well within the district court's inherent authority." Close-Up Int'l, Inc. v. Berov, 474 Fed. App'x 790, 795 (2d Cir. 2012).  Before imposing a sanction, however, the Court must consider: "(1) the character and magnitude of the harm threatened by the contumacy; (2) the probable effectiveness of any suggested sanction in bringing about compliance; and (3) the contemnor's financial resources and the consequent seriousness of the burden." Dole Fresh Fruit Co. v. United Banana Co, 821 F.2d 106, 110 (2d Cir. 1987).

Courts in this District have often incarcerated defendants in this District until they purged the contempt by paying the judgments against them. See, e.g., Schwarz v. ThinkStrategy Capital Mgm't LLC, 2015 WL 4040558, at *21 (S.D.N.Y. July 1, 2015) (ordering defendant incarcerated where he had unpaid judgments of

---

[1] Belesis misapprehends the standard; for civil contempt, the Court does not fashion sanctions for remedial purposes, but coercive ones.  See United States v. United Mine Workers of Am., 330 U.S. 258, 303–04 (1947) ("Judicial sanctions in civil contempt proceedings may, in a proper case, be employed for either or both of two purposes; to coerce the defendant into compliance with the court's order, and to compensate the complainant for losses sustained.")

over $4 million and the Court determined that he had access to assets that could be applied toward those judgments); S.E.C. v. Durante, 2013 WL 6800226, at *14 (S.D.N.Y. Dec. 19, 2013) (ordering incarceration where defendant continued to "live a life of luxury" and had "[made] every effort to hide his financial condition and steadfastly frustrate the SEC's attempts at collection"); S.E.C. v. Universal Exp. Inc., 546 F. Supp. 2d 132, 142 (S.D.N.Y. 2008) (incarcerating defendant who had refused to pay despite continuing to live at a high standard of living and holding that "[i]mposing escalating fines on a defendant who has brazenly refused to pay an already large judgment would be an empty gesture"); S.E.C. v. Bremont, 2003 WL 21398932, at *7 (S.D.N.Y. June 18, 2003) (collecting cases).

Here, Belesis has repeatedly represented to the SEC that payment will be forthcoming (including as recently as a promise to deliver payment the week of May 28, 2018 (King Decl. ¶ 3)). Despite numerous such promises, nearly six months after this Court's Order, no payment has made. In the interim, Belesis's family spends at least $30,000 a month, and Belesis has been less-than-forthcoming about off-shore wire transfers and accounts that his wife (for whom he is the sole source of support) has in her name. He has spent in excess of $368,000 in just four months this year; his wife has remained unemployed.

Had Belesis made even a small payment to the S.E.C., the Court might have been willing to fashion a sanction that was non-incarceratory. But in the face of Belesis's ongoing refusal to do so, the Court finds that any lesser sanction would be an "exercise in futility." Durante, 2013 WL 6800226, at *14.

Therefore, the Court hereby ORDERS that Belesis pay his disgorgement debt in full **not later than July 12, 2018**.

If payment is not made by that time, the United States Marshal for the Southern District of New York is directed to arrest Belesis on **Friday, July 13, 2018, at 9:00 a.m.** and hold him in custody until such time as he complies with his obligation under this Order.

SO ORDERED.

Dated:    New York, New York
            June 13, 2018

_____
KATHERINE B. FORREST
United States District Judge